## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAWRENCE R. SMITH, | No. 3:20-cv-00744 (KAD) |
| *Petitioner*, | |
| v. | |
| NEW HAVEN SUPERIOR COURT, ASSISTANT STATE'S ATTORNEY, CHIEF COURT ADMINISTRATOR, APPELLATE COURT, SUPREME COURT, | July 27, 2020 |
| *Respondents.* | |

## MEMORANDUM OF DECISION

Kari A. Dooley, United States District Judge:

Pending before the Court are petitions for writs of mandamus (ECF Nos. 1, 12) filed by

Lawrence R. Smith (the "Petitioner") and an emergency motion for pretrial release (ECF No. 16),

which the Court previously construed as collectively encompassing a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 or § 2254. (*See* ECF No. 17.) Also pending before the Court

are various motions filed by the Petitioner seeking clarification and/or relief from certain aspects

of administrative prison conditions as they bear on Petitioner's means of litigating the instant

matter. (*See* ECF Nos. 3, 14, 18.) The New Haven Superior Court, Assistant State's Attorney,

Chief Court Administrator, Appellate Court, and Supreme Court (collectively, the "Respondents")

responded to the Court's order to show cause why the petition should not be granted on July 9,

2020, and therein urged the Court to deny the petition or alternatively, to dismiss it without

prejudice. (ECF No. 22.) Also on July 9, 2020 Petitioner's notice of interlocutory appeal from

the Court's order to show cause was docketed with the Court.  (ECF No. 25.)  As discussed below, because this Court did not certify an interlocutory appeal, the Court retains jurisdiction over the petition notwithstanding the pending appeal and will DISMISS the petition as moot and alternatively DISMISS the petition without prejudice for failure to exhaust available state remedies.

**Background and Procedural History**

As recounted in this Court's order to show cause (ECF No. 17), Petitioner, proceeding *pro se*, filed two petitions for writs of mandamus seeking immediate release from custody and the dismissal of criminal charges that are pending against him in the Connecticut Superior Court.  In the first-filed petition, Petitioner asserts that he was arrested on January 29, 2020 and arraigned on charges for criminal possession of a firearm, carrying a pistol without a permit, possession of a controlled substance, and second-degree reckless endangerment.  (ECF No. 1 ¶ 3.)  In the second, he cites two additional charges stemming from his February 5, 2020 arrest for second-degree threatening and second-degree harassment.  (ECF No. 12 ¶ 3.)  Petitioner alleges that he is currently detained pending trial in both matters at the New Haven Community Correctional Center ("NHCCC").

In the first petition, Petitioner alleges that he has been unable to communicate with his assistant public defender since his attorney indicated that he would be seeking a continuance of Petitioner's case to March 18, 2020 in response to Petitioner's inquiries regarding the recovery of his personal property and a bail reduction.  Petitioner claims that his own attempts to seek relief through the state courts have been unsuccessful due to court closures amidst the current pandemic. Petitioner asserts that he has been denied access to counsel and to the courts in violation of his rights under the United States Constitution.  In the second petition, Petitioner similarly alleges that

he has been unable to obtain review of his bail determination in the Superior Court due to the pandemic, and that he has been forced to proceed *pro se* in such efforts after his assistant public defender failed to respond to Petitioner's correspondence.  He further alleges that he is 61 years old and suffers from preexisting medical conditions that have been neglected by the Department of Correction ("DOC").

On June 23, 2020, Petitioner filed an emergency motion for pretrial release in which he contends that his life is in imminent danger due to the placement of two inmates who have tested positive for COVID-19 on the Petitioner's tier.  (ECF No. 16.)  Petitioner alleges that he suffers from high blood pressure, a weak immune system, and is pre-diabetic.  Petitioner also filed a motion for a permanent and/or temporary injunction in which he asks this Court to "waive court costs or fees" and to order that he be provided "with pens, paper, envelopes and copies necessary to defend and articulate himself . . . to include, but not limited to, obtaining his legal mail in a timely manner or the day it arrives," until his state criminal case is resolved.  (ECF No. 3 at 2.)

Previously, the Court observed that "[a]lthough there is a federal statute that allows a federal prisoner to seek mandamus against federal officials, . . . there is no corresponding statute to authorize federal courts to enter writs of mandamus against state officials."  (ECF No. 17 at 2–3 (quoting *Miller v. Brown*, No. 3:18-CV-1823 (JAM), 2019 WL 79432, at *1 (D. Conn. Jan. 2, 2019) (citing 28 U.S.C. § 1361)).)  Mindful of its obligation to interpret a *pro se* party's pleadings liberally, the Court instead construed Petitioner's request for immediate release from state custody and his claims that his continued detention violates his constitutional rights to constitute a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2254.  (*Id*. at 3.)  In doing so, however, the Court noted that the *Younger* abstention doctrine precluded the Court from issuing orders that would interfere with Petitioner's ongoing state prosecution—including orders that his

state charges be dismissed, that he be released based "on his written promise to appear," or that he be appointed counsel in connection with his state proceedings.  (*Id.* at 3–4 (citing, *inter alia*, *Younger v. Harris*, 401 U.S. 37, 43 (1971)).)  The Court also noted that, with respect to Petitioner's motion for a permanent or preliminary injunction, the Court would not issue orders directing DOC personnel on ministerial matters such as the provisions of pens, paper, or mail delivery due to the prohibition on federal court interference with day-to-day prison system management.  (*Id*. at 4–5.) The Court therefore issued the order to show cause why the only other relief prayed for—*i.e.*, Petitioner's immediate release from custody—should not be granted.

After the Court issued the show cause order, Petitioner filed a "Motion for Clarification" in which he seeks the Court's instructions as to the method by which he is to file his legal paperwork (ECF No. 14) and a "Motion for Order" in which he appears to seek an order facilitating his retrieval of electronic filings in this matter.  (ECF No. 18.)  As noted previously Petitioner also filed a notice of appeal from the order to show cause in which he seeks to appeal the Court's determination that it lacks jurisdiction to issue a writ of mandamus, as well as the Court's conclusion that it cannot issue orders regarding the provisions of pens, paper, or mail delivery. (ECF No. 25.)  Petitioner later filed an amended notice of appeal in which he reiterates these same challenges and additionally asks the appellate court to determine whether the State waived its jurisdiction by closing its courts to Petitioner and his counsel and to hold that this Court has the authority to release him based on the fact that the State has allegedly placed Petitioner's life and liberty in imminent danger.  (ECF No. 29.)

In response to the order to show cause, Respondents first note that Petitioner has been transferred from NHCCC to Hartford Community Correctional Center ("HCCC").  They thus

argue that Petitioner's claims should be denied as moot.  Respondents further seek dismissal of

Petitioner's claims because he failed to exhaust his available state court remedies.

**Discussion**

   **Petitioner's Notice of Appeal from the Court's Order to Show Cause**

   The Court first addresses the impact of the notice of appeal filed by the Petitioner.

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers

jurisdiction on the court of appeals and divests the district court of its control over those aspects

of the case involved in the appeal."  *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996)

(quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).  This is not,

however, a "per se rule;" rather, "its application is guided by concerns of efficiency and is not

automatic."  *Id*.  The Second Circuit has accordingly declined to apply the divestiture rule in

situations in which the notice of appeal is "plainly unauthorized"—including where the notice of

appeal was "premature" because "there was no final order from which to appeal."  *Id*. at 251–52.

Here, Petitioner filed a notice of appeal from the Court's order to show cause, which is a non-final

order, and the Court has not certified an interlocutory appeal.  The Court therefore retains

jurisdiction to resolve the instant habeas petition and Petitioner's other pending motions.  *See, e.g*.,

*Jones v. Forbes*, No. 3:15-CV-613 (VAB), 2016 WL 409667, at *1 (D. Conn. Feb. 2, 2016) ("As

the ruling appealed from is not a final order and this Court has not certified an interlocutory appeal,

the notice of appeal does not deprive this Court of jurisdiction to entertain Mr. Jones' motions")

(citing, *inter alia*, *Rodgers*, 101 F.3d at 252).

   **Mootness**

   "Writs of habeas corpus may be granted by . . . the district courts . . . within their respective

jurisdictions."   *Doe v. Decker*, No. 18-CV-3573 (GBD) (KNF), 2019 WL 2517091, at *2

(S.D.N.Y. Apr. 4, 2019), *report and recommendation adopted*, 2019 WL 2513838 (S.D.N.Y. June

18, 2019) (quoting 28 U.S.C. § 2241(a)).   "Article III of the Constitution limits federal-court

jurisdiction to 'cases' and 'controversies.'"  *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669

(2016) (quoting U.S. Const., Art. III, § 2).   The Constitution necessitates "that 'an actual

controversy . . . be extant at all stages of review, not merely at the time the complaint is filed.'"

*Id.* (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)).  "When the issues

in dispute between the parties are no longer 'live,' a case becomes moot, . . . and the court—

whether trial, appellate, or Supreme—loses jurisdiction over the suit, which therefore must be

dismissed."  *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir.

2005) (quotation marks and citations omitted).

However, where the alleged injury is "capable of repetition yet evading review" an

exception to mootness doctrine may apply if: "(1) the challenged action is in its duration too short

to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that

the same complaining party will be subject to the same action again."  *Pierre-Paul v. Sessions*,

293 F. Supp. 3d 489, 492 (S.D.N.Y. 2018) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998))

(brackets omitted).   "[W]hile '*absolute* certainty of injury is not required for a case to be

constitutionally ripe,' . . . the expectation that the dispute will recur must be reasonable, and not

wholly speculative."  *Id.* (quoting *Simmonds v. I.N.S.*, 326 F.3d 351, 358 (2d Cir. 2003)).

Here, in his emergency motion for release, which the Court construed as part of Petitioner's

habeas petition, Petitioner asserts that DOC is "playing Russian Roulette with his life" by placing

two prisoners who tested positive for COVID-19 on Petitioner's tier, given Petitioner's medical

conditions.  (ECF No. 16 ¶ 1.)  He represents that due to overcrowding at NHCCC, inmates that

have tested positive for the disease are being housed among the general prison population.  (*Id.* ¶

2.)   Petitioner further complains that his medical conditions are being left untreated due to understaffing at the facility and that maintenance crews are unable to provide proper sanitization measures.  (*Id.*)  In each of his petitions for writs of mandamus, his motion for a permanent and/or preliminary injunction, and his motions for clarification and for an order, the Petitioner raises complaints about the conditions under which he is housed at NHCCC.

As Respondents indicate, however, Petitioner has since been transferred to another facility—HCCC.  (Resp's.' Br. at 1.)  Indeed, in both his amended notice of appeal dated July 4, 2020, and his notice of change of address, Petitioner acknowledges that he is presently housed at "Hartford C.C.C."  (ECF No. 29, Signature; ECF No. 31.)  Because "[a] § 2241 challenge to conditions of confinement will be considered moot where the petitioner has been transferred to a different facility," *Razzoli v. Strada*, No. 10-CV-4802 (CBA), 2013 WL 837277, at *2 (E.D.N.Y. Mar. 6, 2013) (citing *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008)), the Court agrees with Respondents that Petitioner fails to present a live controversy with respect to his conditions of confinement claims arising out of his detention at NHCCC.  While it is possible that the "DOCs' ability to freely transfer [Petitioner] between facilities prior to full litigation of his claims" could render his claims capable of repetition yet evading review, absent any indication of "a reasonable expectation that [Petitioner] will be subject to the same action[s] again," *Pugh v. Goord*, 571 F. Supp. 2d 477, 489 (S.D.N.Y. 2008) (quotation marks, brackets, and citation omitted), the Court perceives no reason to find this exception to mootness applicable.  *See also, e.g.*, *F.O. v. New York City Dep't of Educ.*, 899 F. Supp. 2d 251, 254 (S.D.N.Y. 2012) (noting that "this 'exception to mootness principles is severely circumscribed [and] . . . applies only in exceptional situations.'") (quoting *Knaust v. City of Kingston*, 157 F.3d 86, 88 (2d Cir. 1998)).  Petitioner's Fourteenth Amendment conditions of confinement claims are dismissed as moot.

**Exhaustion**

Even if Petitioner's conditions of confinement claims are capable of repetition while evading judicial review, the Court would dismiss these claims without prejudice because Petitioner failed to first exhaust his available state court remedies.  And to the extent the petition asserts other constitutional claims, *i.e.*, a violation of Petitioner's Sixth Amendment right to a speedy trial, Petitioner has failed to first present these claims to the Superior Court.

"A prisoner in state custody generally must challenge his confinement in a *habeas corpus* petition under 28 U.S.C. § 2254, but such relief is available under § 2241 to a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law." *Nieves v. Farber*, No. 1:20-CV-0990 (LJL), 2020 WL 1529454, at *3 (S.D.N.Y. Mar. 30, 2020); *see also*, *e.g.*, *Henry v. United States*, No. 11-CV-391 (KAM), 2014 WL 7075800, at *2 (E.D.N.Y. Dec. 12, 2014) (noting that "courts in this Circuit have construed pretrial habeas petitions as arising under Section 2241").[1]  "While 28 U.S.C., Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism." *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976).  "A petitioner who has not exhausted available State court or administrative remedies may only seek a writ of habeas corpus pursuant to § 2241 if: '(1) he establishes cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law . . .  or (2) he demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice.'" *Figueroa v. Devane*, No. 13-CV-4275 (SJF),

---

[1] The Second Circuit has not "decide[d] whether pretrial habeas petitions can only be brought pursuant to § 2241." *Hoffler v. Bezio*, 726 F.3d 144, 152 n.5 (2d Cir. 2013).  Because 28 U.S.C. § 2254 refers to "a person in custody pursuant to the judgment of a State court," some courts have held that they lack jurisdiction to consider Section 2254 petitions brought by defendants who are in pretrial custody. *See Henry*, 2014 WL 7075800, at *2–*3 (citing cases). In the instant case it is apparent that Petitioner is being held pretrial on his pending state charges.  Because he appears to make no claim as a sentenced prisoner, the Court construes the petition as brought pursuant to Section 2241.

2014 WL 4906761, at *2 (E.D.N.Y. Sept. 26, 2014) (quoting *Robinson v. Sposato*, No. CV-11-0191 (SJF), 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012)).

Here, Petitioner's applications for writs of mandamus each indicate that he filed motions with the Superior Court seeking to reduce the bail set on his pending state charges and petitioned for review before the Appellate Court without success. (ECF Nos. 1, 12 ¶ 3.) However, nowhere in his submissions does Petitioner indicate that he raised any of the claims upon which he now seeks relief in state court. Nor has he alleged that the state habeas process is inadequate or unavailable to him. As Respondents point out, the Superior Court website reflects that Petitioner previously filed five different applications for habeas corpus in the Superior Court—with the most recent filed approximately four years ago. *See Smith, Lawrence R. # 87057 v. Commissioner of Correction*, Docket No. TSR-CV16-4008030-S (Conn. Super. Ct. filed April 13, 2016).[2] (*See also* Resp's.' Br. Ex. C, ECF No. 22-3.) Because "Petitioner does not allege that he sought relief for his [purportedly unconstitutional] detention from the State courts . . . as a pretrial detainee, petitioner has not exhausted his State court remedies." *Figueroa*, 2014 WL 4906761, at *2; *cf. Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1972) (finding that petitioner exhausted speedy trial claim where he "made repeated demands for trial to the courts of Kentucky, offering those courts an opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial"). Nor has Petitioner "establishe[d] cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law . . . or . . . demonstrate[d] that the failure to consider his claims will result in a fundamental miscarriage of justice." *Figueroa*, 2014 WL 4906761, at *2 (quoting *Robinson*, 2012 WL 1965631, at *2).[3]

---

[2] See *Party Name Search*, State of Connecticut Judicial Branch Superior Court Case Look-up, http://civilinquiry.jud.ct.gov/PartySearch.aspx (last accessed July 27, 2020).

[3] The Court is aware that "[s]ome courts have excused a failure to exhaust in the context of petitions pursuant to 28 U.S.C. § 2241, which, unlike § 2254, does not contain a statutory exhaustion requirement and instead is governed by

Finally, the Court observes that Petitioner's two pending cases are scheduled to be heard on August 11 and 26, 2020.  *See* Docket Nos. H12M-CR20-0283614-S, N23N-CR20-0226598-S.[4]  Thus, even if Petitioner had exhausted his claims, or exhaustion might arguably be excused, this Court is precluded from issuing orders that would interfere with Petitioner's ongoing state court prosecution under the *Younger* abstention doctrine.  *See, e.g.*, *Allen v. Maribal*, No. 11-CV-2638 (KAM), 2011 WL 3162675, at *1 (E.D.N.Y. July 25, 2011) (declining to consider pretrial speedy trial motion asserted in Section 2241 petition because to do so would "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court") (quoting *Braden*, 410 U.S. at 493); *see also York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y. 1982) ("The writ of habeas corpus . . . was never conceived to be the means by which a state proceeding can be aborted or a decree by which the orderly functioning of the State's judicial processes can be disrupted. Nor is the federal habeas corpus to be converted into a pretrial motion forum for state prisoners.") (quotation marks and citation omitted).  In short, "[b]ecause there is a criminal proceeding pending against Petitioner in state court, which will present ample opportunity for review of his Constitutional claims, habeas relief is unavailable at

---

a judge-made exhaustion requirement 'amenable to judge-made exceptions.'" *Elleby v. Smith*, No. 20-CV-2935 (PAE), 2020 WL 2611921, at *4 n.3 (S.D.N.Y. May 22, 2020) (quoting *McPherson v. Lamont*, No. 3:20-CV-534 (JBA), 2020 WL 2198279, at *6 (D. Conn. May 6, 2020)).  For example, exhaustion has been excused under Section 2241 on the basis of the futility of requiring a petitioner to pursue administrative remedies.  *See, e.g.*, *Evans v. Willingham*, 413 F. Supp. 2d 155, 157 n.1 (D. Conn. 2006).  Here, however, Petitioner's transfer from NHCCC and the absence of any allegations regarding his conditions of confinement at HCCC obviates a finding that "§ 2241's exhaustion requirement should be waived in light of the extraordinary circumstances presented by the COVID-19 pandemic." *McPherson*, 2020 WL 2198279, at *7.  Moreover, this Court previously rejected the notion that "the state courts were functionally closed to habeas petitions" as a result of the pandemic based on evidence that the Connecticut "state courts had docketed and issued orders in the only three habeas petitions which were pending as of May 2, 2020 which asserted COVID-related claims."  (*See* Memorandum of Decision at 8–9, *Hurdle v. Cook et al*, Case No. 3:20-cv-00605 (KAD), ECF No. 44 (D. Conn. May 29, 2020), Resp's.' Ex. D.)

[4] *See Pending Criminal/Motor Vehicle – Search by Defendant Name*, State of Connecticut Judicial Branch, https://www.jud2.ct.gov/crdockets/parm1.aspx (last accessed July 27, 2020).

this time." *White v. Ewald*, No. 14-CV-4915 (JS), 2014 WL 5091760, at *2 (E.D.N.Y. Oct. 9, 2014).

**Conclusion**

For the foregoing reasons, the Petitioner's applications for a writ of habeas corpus (ECF Nos. 1, 12, 16) are dismissed without prejudice.[5] In light of the Court's dismissal of the habeas petition, Petitioner's other pending motions (ECF Nos. 3, 14, 18) are denied as moot. The Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of July 2020.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[5] Because of the potential applicability of the gatekeeping provisions of 28 U.S.C. Section 2244(b), which can bar second or success petitions for habeas corpus, "District courts must [normally] give notice, and obtain consent, before construing a petitioner's filing as a § 2241 petition." *Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004). "Here, however, giving [Petitioner] notice and granting him an opportunity to withdraw is unnecessary because a litigant's failure to exhaust available state-court remedies does not trigger the [statutory] restrictions on second or successive petitions." *Nieves*, 2020 WL 1529454, at *3 n.4.